11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Billy
Joe Riggins

Appellant

Vs.                   No. 11-03-00307-CR B
Appeal from Scurry County

State
of Texas

Appellee

 

This is an appeal pursuant to TEX. CODE CRIM. PRO.
ANN. art. 64.05 (Vernon Pamph. Supp. 2004) from the trial court=s denial of a postconviction motion for
DNA testing.  We affirm.

Billy Joe Riggins was originally convicted of
burglary of a habitation and aggravated sexual assault.  Punishment was assessed at confinement for
life for each offense.  Both convictions
were affirmed by this court on direct appeal.[1]

Appellant=s court-appointed counsel has filed a
brief in which she states that, after a thorough and professional examination
of the record, there are insufficient grounds to sustain this appeal.  Following the requirements in  Anders v. California, 386 U.S. 738
(1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel
has briefed one arguable point of error in which she contends that the trial
court erred in denying the motion for DNA testing.

It is undisputed that the
items admitted into evidence at the trial on the merits that contained
biological evidence were a pair of black Levi pants and a white T-shirt worn by
appellant and a pink gown with white flowers worn by the victim.  It is further undisputed that the biological
material was feces.  The victim had
testified at trial that she had had diarrhea at the time of the assault.

Pursuant to TEX. CODE CRIM.
PRO. ANN. art. 64.01 (Vernon Pamph. Supp. 2004), appellant alleged that various
pieces of biological evidence were in the State=s
possession and that the evidence had not been subject to prior DNA
testing.  Appellant requested that the
evidence now be tested.








In its response to the trial
court=s order
upon receipt of the motion for DNA testing, the State alleged that the Scurry
County District Clerk had possession of the pants, white T-shirt, and gown and
that these items had been stored since the time of trial in paper grocery sacks
in a closet with no temperature controls. 
While the closet was not accessible to the general public, the evidence
had not been subjected to a sufficient chain of custody to establish that it
had not been altered, tampered with, replaced, or substituted.  In addition, no evidence sent to the Texas
Department of Public Safety Crime Laboratory was preserved or frozen by the
laboratory.

Counsel states in her brief
that, while identity was in issue at the trial on the merits, the evidence did
not exist in a condition that would make DNA testing possible and that the
evidence had not been subjected to a sufficient chain of custody.  Moreover, counsel points out that, if the
feces was determined to be that of a third person, appellant still would not
have established by a preponderance of the evidence that he would not have been
convicted.  Counsel concludes that the
trial court did not err in denying appellant=s
motion under the requirements of Article 64.01. 
We agree.  The point of error is
overruled.

Counsel raises but does not
brief two more points of error:  that the
trial court erred by failing to hold an evidentiary hearing and that appellant
was denied the effective assistance of counsel. 
In Rivera v. State, 89 S.W.3d 55, 58 (Tex.Cr.App.2002), the Court
of Criminal Appeals held that A[n]othing@ in the applicable statute required the
trial court to conduct a hearing on a motion for postconviction DNA testing.  A review of the record before this court does
not reflect that appellant was denied effective assistance of counsel during
his claim for DNA testing.  Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d
770 (Tex.Cr.App.1999); Stafford v. State, 813 S.W.2d 503, 508-09
(Tex.Cr.App.1991).  These points are
overruled.

 Counsel has furnished appellant with a copy of
the brief and has advised appellant of his right to review the record and file
a pro se brief.  A pro se brief has not
been filed.  Counsel has complied with
the procedures outlined in Anders v. California, supra; Stafford v.
State, supra; High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie
v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.

Following the procedures
outlined in Anders, we have independently reviewed the record.  We agree that the appeal is without merit.








The order of the trial court is affirmed.

 

PER CURIAM

 

April 8, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Billy Joe Riggins v. State, Nos. 11-91-00045-CR &
11-91-00046-CR (Tex.App. - Eastland, February 27, 1992, pet=n ref=d)(unpublished opinion).